IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAMS LOVE O'LEARY CRAINE & )
POWERS, P.C., )
)
       Plaintiff, )    Civil Case No. 07-617-KI
)
vs. )    OPINION AND ORDER
)
DAVID FRY, and CHRISTIAN GODWIN )
and KATHRYN MARTINOVICH as co- )
guardian *ad litems* of Robina Martinovich, )
)
       Defendants. )

    Allison D. Rhodes
    Hinshaw & Culbertson LLP
    1000 S.W. Broadway, Suite 1250
    Portland, Oregon  97205-3078

        Attorney for Plaintiff

    Michael A. Lehner
    Bary J. Goehler
    Lehner & Rodrigues, P.C.
    1500 S.W. First Avenue, Suite 1150
    Portland, Oregon  97201

        Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

This action concerns the appropriate distribution of funds received in settlement for personal injuries suffered by Robina Martinovich. Before the court is Defendant Fry's Motion to Dismiss Pursuant to FRCP 12(b)(1) (#7). For the reasons below, I deny the motion.

## DISCUSSION

Fry seeks to dismiss this action because he contends that the court lacks subject matter jurisdiction. Because I conclude that jurisdiction exists for statutory interpleader, I will not address Fry's contentions concerning the alternative of diversity jurisdiction. The interpleader statute states:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . . if [t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . .

28 U.S.C. § 1335(a).

On behalf of its client Robina Martinovich, Williams Love O'Leary Craine & Powers, P.C. ("WLOCP") received a settlement check of approximately $2 million and deposited the funds into the WLOCP trust account pending resolution of this case. WLOCP claims that it is entitled to one-third of the settlement amount under its fee agreement. Defendants Goodwin and Martinovich, co-guardians of Robina Martinovich, contend that two-thirds of the settlement is due to them.

Defendant Fry contends that he is also owed attorney fees for his work on the case. Fry breaks the settlement amount into two funds. He claims that the first fund consists of attorney

fees earned by WLOCP and that the guardians have no interest in or claims against that fund. Fry claims a portion of the first fund under a contract, quantum meruit, or fee sharing theory. According to Fry, the second fund consists of the net settlement proceeds due to the guardians on behalf of Robina Martinovich, namely two-thirds of the settlement amount.  Because WLOCP will be paid from the first fund, Fry argues that WLOCP has no claim against the second fund. Fry, however, claims a portion of the second fund under a contract or quantum meruit theory.

Based on the theory of two funds, Fry argues that two funds cannot be joined in one interpleader action.  He also contends that WLOCP does not face the prospect of multiple conflicting claims against it or the first fund because he is the only other claimant to that fund. Similarly, Fry contends that only he and the guardians are claimants to the second fund.  Since all of them are citizens of Georgia, the minimum diversity requirement of the interpleader statute is not met.

WLOCP and the guardians all wish to proceed under the interpleader statute and argue that there is only a single fund.  The guardians are concerned that if they are paid two-thirds of the settlement and dismissed from this action, Fry will sue them in state court in Georgia for additional attorney fees, leading to more than one-third of the settlement being paid out in attorney fees.  WLOCP contends that Fry's position is constantly changing.  Referring to the Oregon Rules of Professional Conduct, WLOCP fears paying out any of the settlement money prior to a court resolution of the dispute.

I agree with WLOCP and the guardians that there is a single fund with three claimants.  It is yet to be decided whether Fry will receive any part of the settlement and, if so, from whose portion it will be taken.  Since WLOCP is a claimant to the fund, it supplied minimum diversity

Page 3 - OPINION AND ORDER

with the Georgia litigants because the citizenship of an interested stakeholder can be considered for purposes of establishing diversity under the statute. Lummis v. White, 629 F.2d 397, 403 (5th Cir. 1980), rev'd on other grounds, Cory v. White, 457 U.S. 1985 (1982).

The requirements of the interpleader statute are met.

## CONCLUSION

Defendant Fry's Motion to Dismiss Pursuant to FRCP 12(b)(1) (#7) is denied.

IT IS SO ORDERED.

Dated this     19th     day of June, 2007.

    /s/ Garr M. King
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER